**No. 63171.**—Geo. Borgfeldt Corp. *v.* United States, protests 295688–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of miniature metal figures, such as dogs, horses, and other animals, carts, wheelbarrows, and men, women, and boys, shown as handling different tools and objects and engaged in different enterprises, the same in all material respects as the merchandise the subject of *United States* v. *F. W. Woolworth Co.* (28

C.C.P.A. 196, C.A.D. 145). On the agreed facts, certain of the articles were held properly classified under the provision in paragraph 397, as modified, for articles, not specially provided for, composed in chief value of lead, not plated with platinum, gold, or silver, or colored with gold lacquer, dutiable as follows: (1) Those entered, or withdrawn from warehouse for consumption, between January 1, 1948, and June 6, 1951, at 2 cents per pound, but not less than 15 percent nor more than 45 percent ad valorem, under said paragraph, as modified by T.D. 51802; and (2) those entered, or withdrawn from warehouse for consumption, subsequent to June 6, 1951, at 2 cents per pound, but not less than 15 percent nor more than 30 percent ad valorem, under said paragraph, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), supplemented by Presidential proclamation (T.D. 52820). The items in chief value of zinc were held classifiable under the provision in said paragraph 397, as modified, for articles, not specially provided for, composed in chief value of zinc, as follows: (1) Those entered, or withdrawn from warehouse for consumption prior to July 1, 1956, at 22½ percent, as modified by T.D. 51802; and (2) those entered, or withdrawn from warehouse for consumption subsequent to July 1, 1956, at 21 percent, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108).